UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 18-20513-3
                                        HON. VICTORIA A. ROBERTS

v.

CHARISE VALENTINE,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PRODUCTION OF *BRADY* AND JENCKS MATERIALS AND WITNESS LISTS [ECF No. 92]

Charise Valentine asks the Court to compel the Government to produce *Brady* materials and witness lists at least sixty (60) days before trial, and Jencks materials at least thirty (30) days before.

Because Valentine fails to give the Court compelling reasons to deviate from its standard discovery practice, her Motion is **DENIED** without prejudice.

### I. BACKGROUND

The Government charged Valentine and four co-defendants in a twelve-count indictment, alleging Valentine was involved in a scheme to unlawfully distribute controlled substances while working as a medical doctor in a clinic. Valentine is charged with: Count One – Conspiracy to Possess

1

with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 846; and Counts Seven, Eight, and Nine – Unlawful Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and Aiding and Abetting in violation of 18 U.S.C. § 2.

A jury trial is scheduled to begin on May 4, 2020.

The Court entered its Trial Notice and Standing Order regarding, in part, discovery and inspection of documents. The Court ordered that, upon request of defense counsel, the Government: provide all Fed. R. Crim. P. 16(a)(1) information and permit defense counsel to inspect, copy, or photograph any exculpatory/impeachment evidence as required by *Brady v. Maryland,* 373 U.S. 83 (1963), *United States v. Agurs,* 427 U.S. 97 (1976), and *Giglio v. United States,* 405 U.S. 105 (1972). Nothing in the Order required the disclosure of Jencks Act material prior to the time its disclosure is required by law. The Court specifically noted the duty to disclose is continuing, even throughout trial.

In its Discovery Notice, the Government summarized that government agents obtained evidence from numerous sources. The Government says it either affirmatively produced that information, or, agreed to make that information available for inspection upon defense counsel's request. The

Government also noted its obligation to provide materials as required by *Brady* and its progeny in time for effective use at trial.

## II. LEGAL STANDARD

For most criminal prosecutions, there are three governing rules that "exhaust the universe of discovery to which a defendant is entitled." *U.S. v. Presser,* 844 F.2d 1275, 1286, n.12 (6th Cir. 1988). Those are: the *Brady* doctrine and its progeny, Fed. R. Crim. P. 16, and the Jencks Act. *Id.*

The *Brady* doctrine, derived from *Brady v. Maryland,* 373 U.S. 83 (1962), requires the Government to disclose evidence that is favorable to the accused and material to guilt or punishment, as well as evidence that could be used to impeach the credibility of a government witness. *Presser,* 844 F.2d at 1281.

Fed. R. Crim. P. 16(a) requires the Government to disclose, upon request, "any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control [that are material to the defense or to be used in the Government's case-in-chief], reports of examinations or tests, and a summary of any expert witness testimony." *U.S. v. Watson,* 787 F.Supp.2d 667, 672 (E.D. Mich. 2011); see also *Presser,* 844 F.2d at 1285.

3

The Jencks Act generally requires the Government, upon request from the defendant, to produce the statements of witnesses who will testify at trial. *United States v. Short,* 671 F.2d 178, 185 (6th Cir. 1982).

I. **DISCUSSION**

Valentine seeks disclosure of Jencks Act, *Brady,* and Rule 16 materials. The Government argues the Court should deny Valentine's request because it has and will continue to timely honor its discovery obligations.

**A. Patient Files**

After briefing, the parties agree Valentine's patient files are available for inspection. Arrangements are being made. This issue is **MOOT.**

**B. Jencks Act Material**

Valentine "suggests" that the Government commit to providing Jencks Act materials at least 30 days prior to trial.

The plain language of the Jencks Act prohibits a district court from ordering disclosure of this material before a witness has testified on direct examination. *See* 18 U.S.C. § 3500(a)*.*

The Court does not have the authority to compel pretrial disclosure of Jencks Act material. But the parties agree that the preferred practice in this

district is to produce these materials earlier than required, and according to Valentine's Amended Notice of Concurrence the Government agrees to produce two weeks before trial.

No Court action is needed at this time.

### C. *Brady* and Rule 16 Materials

Valentine seeks all *Brady* materials in the Government's possession, or that can be reasonably obtained from other sources, at least 60 days prior to trial. She says in light of the voluminous discovery in this case, delaying the production of *Brady* materials will compromise her ability to investigate and prepare her defense, and, that this delay may result in more motions being filed. She also seeks the Government's witness list.

The Government says whether the requested materials are covered by *Brady* or its progeny depends on who its witnesses are, and thus, there are three problems with Valentine's requests: (1) because the trial is months away, it has not made final witness decisions; (2) even though the Government intends to provide its witness list earlier than required, it is only required to provide its witness lists 3 days before trial; and (3) Valentine's request seeks the identity of confidential informants, and the Government has the privilege to deny such disclosure. While there are exceptions to this

rule, Valentine fails to show any compelling reason to overcome that privilege.

The Court recognizes the necessity of *Brady* materials to prepare a vigorous defense and maintain a defendant's right to a fair trial, but the Court does have authority to order disclosure of *Brady* materials and the Government's witness list in advance of trial. *United States v. Kendricks,* 623 F.2d 1165, 1168 (6th Cir. 1980). In her Amended Notice of Concurrence, Valentine represents that the parties agreed that the Government will produce *Brady* material two weeks before trial. The Government did not contest this representation.

Further, aside from the fact that the Government has not finalized its witness list, Valentine fails to show entitlement to more prompt disclosure of the materials than is set out in the Court's trial notice and standing order. At most, Valentine shows a generalized need to prepare for trial. This does not overcome the privilege of the Government to not disclose the identity of confidential informants early. Nor does she show that the Court's trial notice and standing order is insufficient.

## II. CONCLUSION

Valentine fails to give the Court compelling reasons to deviate from its standard discovery practices.

The Court **DENIES** Defendant's Motion without prejudice.

**IT IS ORDERED.**

Date: November 5, 2019                                         s/ Victoria A. Roberts
                                                               Victoria A. Roberts
                                                               United States District Judge